# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

CALVIN ROBINSON                                                                                   PLAINTIFF

V.                                                                           CASE NO. 3:05CV15

WEBSTER COUNTY BOARD OF SUPERVISORS;
WEBSTER COUNTY, MISSISSIPPI                                DEFENDANT

## ORDER

This cause comes before the court on the motion of defendant Webster County, Mississippi for summary judgment [37], pursuant to Fed. R. Civ. P. 56. Plaintiff Calvin Robinson has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

Plaintiff filed this action under the Fair Labor Standards Act ("FSLA"). 29 U.S.C. § 201, alleging that he has not been properly compensated for overtime hours worked in his capacity as a Webster County sheriff's deputy. The primary issue for this court's resolution involves the county's use of the so-called "fluctuating workweek" ("FWW") method of calculating overtime pay set forth in 29 C.F.R. § 778.114. Plaintiff argues that the FWW method is inapplicable to this case, and that, even if it is applicable, its requirements are not met. Plaintiff's desire to not have this case considered under the FWW method set forth in § 778.114 is understandable, given that, where that regulation applies, the minimum overtime rate required by the FLSA is only half-time (i.e., 50% of the regular rate), rather than time-and-a-half (150%).

The FWW method is one of two approved methods in the Department of Labor's FLSA

regulations for calculating the "regular rate at which [an employee] is employed" for overtime purposes. 29 U.S.C. § 207(a); see *Valerio v. Putnam Assocs.,* 173 F.3d 35, 39 (1st Cir.1999). The first is the "fixed weekly salary" method, which governs employees who receive a fixed salary that is intended to compensate a specific number of hours of labor (e.g., $400 for 40 hours). 29 C.F.R. § 778.113(a). The other is the fluctuating workweek method, which applies when an employee "is paid a fixed weekly salary regardless of how many hours the employee may work in a given week." *Valerio*, 173 F.3d at 39.

The FWW method is intended to cover cases in which "a salaried employee whose hours of work fluctuate from week to week [reaches] a mutual understanding with his employer that he will receive a fixed amount as straight-time pay for whatever hours he is called upon to work in a workweek, whether few or many." *Condo v. Sysco Corp.*, 1 F.3d 599, 601 (7th Cir.1993). The First Circuit Court of Appeals observed in *O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003) that:

> When the fluctuating workweek method applies, the employee's "regular rate" for FLSA purposes is calculated anew each week by dividing the actual number of hours worked that week into the fixed salary amount. This calculation produces a straight-time hourly rate, which is then multiplied by 50% to produce the overtime rate that must be paid for every hour worked beyond 40 that week. The interpretative regulations explain why the overtime rate is only half-time, rather than the usual time-and-a-half: "Payment for overtime hours at one-half [the regular] rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement." § 778.114(a). In other words, the fixed sum represents the employee's entire straight-time pay for the week, no matter how many hours the employee worked; the employer need only pay the 50% overtime premium required by the FLSA for hours after 40.

*O'Brien*, 350 F.3d 287-88.

In this case, plaintiff initially argues that the § 778.114. "fluctuating workweek" option is

2

inapplicable here, given that the county calculates its deputies' salaries based upon a 28-day "work period" rather than a seven-day workweek, based upon the FLSA's partial exemption for law enforcement personnel. Under this exemption, which is set forth in 29 U.S.C. § 207(k), no overtime compensation is required for law enforcement personnel until the number of hours worked exceeds 171 hours in a 28-day work period, or a proportional number of hours in a shorter work period. Plaintiff argues that the FWW option is not available to employers who opt for a 28-day work period under 207(k), but he acknowledges that he has no authority in support of this argument. In the absence of any such authority, this court concludes that the fact that the county has exercised its legal option to pay its law enforcement personnel under a 28-day work period does not preclude it, in an appropriate case, from utilizing the FWW method of calculating employee overtime pay. Indeed, Fifth Circuit authority strongly suggests that this is the law in this circuit.[1]

Having concluded that § 778.114 applies to this case, the court must now consider whether the requirements of the regulation are met in this case. An employer may not simply elect to pay the lower overtime rate under § 778.114. Instead, the regulation requires that four

---

[1] The Fifth Circuit has impliedly acknowledged that the FWW workweek might validly be applied in cases where a defendant had opted for a longer "work period" under 207(k). In *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003), the Fifth Circuit concluded that the use of the FWW method was inappropriate in a case involving firefighters working under a fourteen-day "work period" rather than a seven-day workweek. Significantly, however, the Fifth Circuit based this conclusion upon a finding that "neither party has presented evidence of such a 'clear mutual understanding'" to utilize the FWW method, as required by § 778.114. *Singer*, 324 F.3d at 825, n. 4. Significantly, the Fifth Circuit did not dispute that, if the requirements of the regulation had otherwise been met, the FWW option might validly be applied to a case involving a longer "work period." Indeed, the Fifth Circuit even observed that federal regulations provide that, in calculating the regular rate of pay, the terms "work week" and "work period" are interchangeable, *id.* at 823, n. 3, and it thus seems clear that the FWW option may be available in appropriate cases involving a longer "work period."

3

conditions be satisfied before an employer may do so:

> (1) the employee's hours must fluctuate from week to week;
> (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums);
> (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and
> (4) the employer and employee must share a "clear mutual understanding" that the employer will pay that fixed salary regardless of the number of hours worked.

Plaintiff argues that, even assuming that § 778.114 is applicable in this case, the regulation's fourth requirement is not met, inasmuch as there was no "clear mutual understanding between the parties that [the plaintiff's] salary compensated him *for all hours worked*." The court does not agree.

In the court's view, the plaintiff in this case is in a particularly poor position to argue that he had no clear understanding of the terms of his overtime pay, given that he had worked as a deputy for the county from 1996 to 1998 before resigning to work as a police officer at Mississippi State University. The records indicates that the county has used the FWW method since 1988, and plaintiff thus had already worked for the county under this pay scheme prior to returning to work as a deputy in 2000. Plaintiff testified in his deposition that he was aware of the county's overtime pay system even during his first stint as a deputy:

> Q: Well, when is the first time you actually knew how the system worked?
> A: I want to say back in '97 or '98.
> Q: 1997 or 1998.
> A: Yes, sir.

Plaintiff further acknowledged that, when he decided to resume working as a deputy, he understood how his pay would be calculated:

> Q: And you understood in 2000, when you came back, whether you liked it or not, you understood that this was the way you pay would be figured?

4

A: Yes, sir.

The record further reveals that Webster County Sheriff Ruben McCluskey made specific enquiries with the payroll clerk regarding the details of the overtime scheme and that he relayed the information gained to deputies, including plaintiff. Sheriff McCluskey made it clear that he personally did not like the half-time system of overtime pay and that he and his deputies were quite aware of (and dissatisfied with) the nature of the overtime pay scheme. Indeed, Sheriff McCluskey testified in his deposition that plaintiff had expressed concerns about the overtime pay system before deciding to resume working for the county in 2000. The Sheriff testified that he assured plaintiff that he would talk to the Board of Supervisors about trying to implement a more generous overtime scheme, but the Sheriff made it clear that no assurances were made that these efforts would be successful.

Plaintiff argues that there are some details of the rather complex overtime compensation scheme of which he was unaware, but the Fourth Circuit Court of Appeals has noted that an employee need only be aware of "the essential feature of the fluctuating workweek plan-'that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period.'" *Bailey v. County of Georgetown*, 94 F.3d 152, 156 (4th Cir.1996). It is clear from plaintiff's deposition (as well as Sheriff McCluskey's deposition) that he was aware of the essential features of the application of the FWW method in this case.

While it is understandable that plaintiff is dissatisfied with being required to work overtime at half-time pay rather than one-and-a-half time pay, the record clearly reveals that plaintiff also gained benefits from having a fixed salary. Plaintiff conceded in his deposition

5

that his timesheets revealed that he would sometimes work *less* than 171 hours during a particular 28-day period but that he nevertheless received his full salary of $1,925.00 for that pay period. It is thus apparent that, consistent with the requirements of the FWW regulations, plaintiff was not a true hourly employee, but, rather, received a fixed minimum monthly salary even if he worked less than the full 171 hours in a particular pay period. The record further indicates that plaintiff was paid at least minimum wage during months in which he worked overtime, and it is apparent that the requirements of § 778.114 are met in this case.[2]

Regardless of whether plaintiff is satisfied with his overtime pay arrangement, the important fact is that the county's pay scheme is legal, and plaintiff was aware of the pay which he would be receiving when he elected to return to work for the county in 2000. There exists no genuine issue of material fact regarding plaintiff's right to recover under the FSLA, and defendant's motion for summary judgment is therefore due to be granted.

It is therefore ordered that defendant's [37] motion for summary judgment is granted.

A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

SO ORDERED this 17th day of January, 2007.

                                                 **/s/ Michael P. Mills**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[2] The court would take judicial notice of the fact that Congress is presently considering raising the minimum wage, and, if this should occur, plaintiff would presumably benefit from this fact.